IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01588-DDD-KAS

STEVIE BROWN,

    Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,
BRENT BUSER, in his official and individual capacities as Parole Officer, and
GREG DEMCO, in his official and individual capacities as Treatment Provider,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for April 2, 2025, at 2:00 p.m. before Magistrate Judge Timothy P. O'Hara. Appearing for the parties are:.[1]

| | |
|---|---|
| Stevie Brown<br>8811 US Hwy 285 S., Unit 1<br>Alamosa, Colorado 81101<br>Telephone: (719) 850-8751<br>Email: stevie81101@gmail.com<br>*Plaintiff pro se* | Amy E. Adams<br>Taylor R. Bast<br>Assistant Attorneys General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>Email: amy.adams@coag.gov; taylor.bast@coag.gov<br>*Attorneys for Defendant Buser* |

### 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and the laws of the United States, including Article III, Section 1 of the U.S. Constitution and 42 U.S.C. §§ 1983. This Court has the

---

[1] On information and belief, Defendant People of the State of Colorado has not been served and Defendant Demco has not yet appeared in this action.

authority to grant the declaratory and injunctive relief requested herein pursuant to 28 U.S.C. §§ 2201 – 2202. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**:

**Fourteenth Amendment Claim**: Plaintiff asserts that the requirement to install monitoring software on his electronic devices violates his rights under the Fourteenth Amendment. Specifically:

- The monitoring condition does not reasonably relate to Plaintiff's underlying conviction for "Enticement of a Child," nor does it align with the dual purposes of parole—rehabilitation and public safety.

- The condition represents a greater deprivation of liberty than is reasonably required, as Plaintiff has no history of using electronic devices for criminal activity, and less restrictive alternatives have not been considered.

- By failing to articulate a clear rationale for imposing this condition, Defendant Buser has imposed an unduly severe and punitive restriction unrelated to Plaintiff's rehabilitation or public safety needs.

Plaintiff references **People v. Landis, People v. Cooley,** and **United States v. Shiraz**, among other cases, to support that parole conditions must balance rehabilitation, public safety, and constitutional rights.

**First Amendment Claim**: Plaintiff asserts that the requirement to install monitoring software on his electronic devices violates his First Amendment rights to free speech and expression. Specifically:

2

- The installation of such software would allow continuous monitoring of Plaintiff's communications, effectively restricting his ability to communicate freely due to the lack of privacy.

- The Supreme Court decision in **Packingham v. North Carolina (2017)** established that broad restrictions on internet use are unconstitutional when they are not narrowly tailored to serve a significant governmental interest. The monitoring software in this case imposes an overly broad restriction that fails this standard.

- Under the SOMB guidelines, refusal to allow installation of monitoring software may result in revocation of access to computers or communications devices, further curtailing Plaintiff's rights.

Plaintiff contends that these conditions are unconstitutional and seeks relief to protect his First Amendment rights, as supported by **Packingham** and similar precedents.

**Fourth Amendment Claim**: Plaintiff asserts that the requirement to install monitoring software on his electronic devices violates his Fourth Amendment rights, which protect against unreasonable searches and seizures. Specifically:

- Defendant Buser's demand for monitoring software installation was based solely on an observation of a green screen in Plaintiff's apartment, with no specific evidence or justification linking the green screen to any violation or new crime.

- The Supervising Officer/Designee's authority under the SOMB guidelines permits searches and seizures only if evidence of a violation or new crime is detected. However, in this instance, no probable cause or reasonable suspicion was established to justify the search or seizure of Plaintiff's electronic devices.

3

• This arbitrary action infringes upon Plaintiff's constitutional rights under the Fourth Amendment.

Plaintiff argues that this monitoring condition exceeds legal bounds and seeks relief to prevent further violations of his Fourth Amendment rights.

**Retaliation Claims**: Plaintiff asserts that Defendant Buser and others engaged in retaliatory actions in violation of Plaintiff's constitutional rights and statutory protections. Specifically:

1. **First Amendment Retaliation:**

o Plaintiff alleges that Defendant retaliated against him for exercising his First Amendment right to petition the government for redress of grievances. Retaliatory actions include unjustified requirements for monitoring software, exclusion from the SOTMP program, and termination from treatment.

2. **Violation of 42 U.S.C. § 1983:**

o Defendant, acting under color of state law, violated Plaintiff's First Amendment rights by retaliating against Plaintiff for filing a complaint in Federal Court. Actions include public disclosure of the complaint, refusal to communicate with Plaintiff, and unjustified termination from the SOTMP program.

3. **Violation of Victim's Rights Act (18 U.S.C. § 3771):**

o Defendant failed to fulfill obligations under the Victim's Rights Act, compromising Plaintiff's safety and well-being by allowing Christopher Kennedy into treatment, despite Kennedy posing a direct threat to Plaintiff.

4. **Instances of Retaliation:**

4

- o   Defendant required monitoring software after Plaintiff invoked his Fifth Amendment rights without justification.
- o   Defendant publicly disclosed Plaintiff's legal complaint during treatment, leading to exclusion and isolation.
- o   Defendant terminated Plaintiff from programs and imposed inconsistent enforcement policies.
- o   Defendant obstructed Plaintiff's management of temporary housing for parolees and issued unfavorable reports without proper consultation.
- o   Defendant reassigned Plaintiff's treatment and imposed burdensome travel requirements, further demonstrating retaliatory motives.

Plaintiff contends these actions collectively reflect a pattern of retaliation aimed at discouraging the exercise of his rights and causing unnecessary hardship.

**Due Process Violations**: Plaintiff asserts that the requirements imposed by the SOMB violate his constitutional rights to due process, as protected by the Fourteenth Amendment. Specifically:

1.   **Infringement on Liberty Interests:**

- o   The installation of monitoring software infringes upon Plaintiff's privacy and exposes him to risks of unjust administrative or legal consequences.
- o   Arbitrary modifications of usage conditions further erode Plaintiff's autonomy, and the consent to searches and seizures imposes unreasonable intrusions on his privacy.

2.   **Reliance on Polygraph Results:**

  o  The use of polygraph results as the basis for imposing conditions like monitoring software disproportionately affects Plaintiff due to his medical conditions (e.g., Bipolar I disorder, Type II diabetes, and cirrhosis of the liver).

  o  Polygraph tests are scientifically unreliable and prone to producing false positives, which exacerbate the due process concerns.

  **3.**  **Lack of Specificity in Policies:**

  o  The SOMB policy does not specify who should be subjected to monitoring software, allowing arbitrary and invasive measures to be imposed on individuals without offenses related to computer usage.

Plaintiff argues that these requirements and practices collectively violate his due process rights by failing to provide clear justification and enforcing arbitrary measures that do not align with constitutional protections.

  **b. Defendant Buser:**

Defendant Buser is Brown's parole officer for his intensive supervision parole program. In that capacity, he is authorized to supervise Brown and enforce the terms under which he was granted parole. *See* § 17-2-201(5)(f)(I), C.R.S.; CDOC Administrative Regulation ("AR") 250-48: Management of Offenders with an Identified Sex Offense.

As Brown's parole officer, Buser is part of Brown's Community Supervision Team, which has discretion to determine whether a particular offender will be required to have monitoring software on his electronic devices, and the duration of the monitoring period. *See* AR 250-48(IV)(E)(7).

6

Buser's attempts to enforce the terms of Brown's parole and to require the installation of monitoring software have been answered with this lawsuit in which Brown claims that the requirement that he install monitoring software violates his First, Fourth, and Fourteenth Amendment rights. These claims are improper because the operative complaint does not state that Brown has suffered any injury with respect to the challenged monitoring requirement, so he lacks standing. Further, the monitoring requirement is justified by legitimate state interests in protecting the public and successfully rehabilitating Brown. Brown's interest in remaining unmonitored does not outweigh those interests. His First, Fourth, and Fourteenth Amendment claims fail for that reason alone. In addition, his Fourth Amendment claim fails because, as a parolee, Brown has no legitimate expectation of privacy regarding his electronic devices, and they are subject to warrantless searches pursuant to the terms of his parole.

Brown also asserts retaliation claims. These claims are unfounded and legally insufficient. Brown has not alleged that "but for" the filing of this lawsuit or his assertion of constitutional rights, Buser would not have conducted himself in the same manner. Buser required computer monitoring to be installed because he saw a green screen in Brown's apartment, and it raised public safety concerns as well as concerns about Brown's rehabilitation. Buser subsequently limited Brown's privileges and imposed certain treatment requirements because he was attempting to properly enforce the terms of Brown's parole and to make sure that Brown is rehabilitated.

Buser's conduct did not violate any of Brown's constitutional rights, nor would Buser have any reason to believe his conduct was improper. For those reasons, Buser is entitled to qualified immunity. As to other defenses, Buser's deadline to answer the operative complaint has

not yet passed, so he has not yet finalized all of his defenses and will assert them in the answer at the appropriate time.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Brown was convicted of enticement of a child pursuant to 18-3-305(1), C.R.S. in case number Fremont County 11CR6 and was initially sentenced to ten years to life intensive supervision probation for sex offenders.

2. His probation was subsequently revoked and he was sentenced to two years to life in the custody of the Colorado Department of Corrections.

3. Brown was released to parole in 2022, and he is currently on intensive supervision parole.

4. Brent Buser is a citizen of the United States, a resident of and domiciled in Colorado, and a parole officer with the Colorado Department of Corrections in the Division of Adult Parole.

5. In his role as a parole officer, he is assigned to monitor the Brown, and in that capacity, he visited Brown's established residence of record, an apartment.

6. After he saw a green screen in Brown's apartment, Buser told Brown that he was going to require Brown to install computer monitoring software.

7. Brown has not consented to the installation of computer monitoring software.

8. Brown must receive sex offender treatment as part of his intensive supervision parole program.

### 5. COMPUTATION OF DAMAGES

Plaintiff seeks monetary damages in this matter for the following injuries and hardships:

8

1. **Intentional Infliction of Emotional Distress (IIED):**
   - Plaintiff has experienced severe emotional distress resulting from retaliatory actions, including unjustified requirements for monitoring software and burdensome travel conditions for treatment. These actions have led to significant mental anguish and anxiety about potential future retaliatory measures.
   - **Requested damages:** $50,000.

2. **Pain and Suffering:**
   - Plaintiff has suffered physical and emotional pain caused by the requirement to travel out of town for treatment, despite medical conditions that make such travel burdensome and unsafe. The repeated travel has exacerbated Plaintiff's chronic pain, fatigue, and physical exhaustion.
   - **Requested damages:** $40,000.

3. **Mental Anguish:**
   - The ongoing pattern of retaliatory actions has caused Plaintiff severe psychological distress, including fear and uncertainty about being unjustly removed from treatment or subjected to additional hardships. This has significantly impacted Plaintiff's mental health and well-being.
   - **Requested damages:** $30,000.

4. **Health-Related Costs:**
   - Plaintiff has incurred expenses and risks associated with emergency medical visits and travel difficulties directly tied to the imposed treatment requirements.
   - **Requested damages:** $20,000.

5. **Legal Fees and Costs:**

    o   Plaintiff seeks reimbursement for legal costs incurred in pursuing justice and protecting his constitutional rights against retaliatory actions.

    o   **Requested damages:** $10,000.

**Total Compensatory Damages Sought: $150,000**

In addition to these compensatory damages, Plaintiff seeks declaratory relief, injunctive relief, and punitive damages to deter Defendants from engaging in further retaliatory or unconstitutional actions.

Defendant Buser has not asserted counterclaims and does not seek damages at this time.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. *Date of Rule 26(f) meeting.*

The 26(f) meeting took place by teleconference on March 5, 2025.

b. *Names of each participant and party he/she represented.*

Brown appeared at the conference *pro se*, and Amy Adams and Taylor Bast of the Colorado Attorney General's Office appeared on behalf of Defendant Buser.

c. *Statement as to when Rule 26(a)(1) disclosures were made or will be made.*

Initial disclosures will be made by **March 31, 2025**.

d. *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).*

The parties propose a twelve-day extension of the deadline for Rule 26(a)(1) disclosures, from March 19, 2025, to March 31, 2025.

e. *Statement concerning any agreements to conduct informal discovery.*

10

Neither party has proposed any such agreement, but the parties will continue to discuss and revisit this topic as necessary.

f. *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

The parties agree to use a unified exhibit numbering system. The parties have not reached any other agreement or procedure to reduce discovery but will discuss and revisit this topic as necessary.

g. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information or records maintained in electronic form.

h. *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

The parties have discussed promptly settling or resolving the case and do not believe this possibility exists currently. The parties will continue to discuss and revisit this topic as discovery proceeds.

### 7. CONSENT

The parties have not consented to the exercise of jurisdiction by the magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

While the scope of discovery remains uncertain, the parties do not propose at this time any deviation from the presumptive limitations on depositions or interrogatories established in the Federal Rules.

b. *Limitations which any party proposes on the length of depositions.*

The parties do not propose any modification to the presumptive limits in the Federal Rules, except that limits will apply per side and not per defendant.

c. *Limitation which any party proposes on the number of requests for production and/or requests for admission.*

The parties do not propose any modification to the presumptive limits in the Federal Rules, except that limits will apply per side and not per defendant

d. *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.*

Sixty days before the fact discovery cutoff date.

e. *Other planning or discovery orders.*

None.

### 9. CASE PLAN AND SCHEDULE

a. *Deadline for joinder of parties and amendment of pleadings*:

The parties propose a **May 19, 2025** deadline (the first business day 45 days after the scheduling conference) to join other parties or amend the pleadings.

b. *Discovery cut-off*:

**October 2, 2025**.

c. *Dispositive motion deadline*:

**January 10, 2026.**

d. *Expert Witness Disclosure*:

1. The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: Brown does not currently anticipate retaining an expert but reserves the right to subpoena witnesses who can support his claims. This includes the local treatment

12

  provider and Defendant Buser, both of whom have provided contradictory reasoning for preventing Plaintiff from accessing local treatment. These witnesses can provide critical testimony to clarify these inconsistencies and support Plaintiff's arguments.

 *Defendants*: Buser currently anticipates the need for expert testimony in the following areas:

  i. A psychologist or other qualified therapist to discuss the treatment of sex offenders, the SOMB treatment guidelines, the importance of in-person therapy versus the limited efficacy of telehealth treatment, and any other opinions necessary and appropriate for the facts of this case.

  ii. An expert in parole practices, public safety, and how to meet the needs for public safety and rehabilitation in intensive supervision parole programs.

  iii. Any expert necessary to rebut any opinions offered by an expert for Plaintiff.

  iv. Buser reserves the right to retain experts in additional areas should the need become apparent as the case proceeds.

2. *Limitations which the parties propose on the use or number of expert witnesses.*

 To avoid duplicative expert testimony, the parties propose that Brown and Buser be limited to one retained expert witness per issue.

3. *The parties shall designate all experts and provide counsel and/or pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* **November 2, 2025.**

4. *The parties shall designate all rebuttal experts and provide counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before* **December 2, 2025.**

e. *Identification of persons to be deposed:*

Plaintiff:
1. Defendant Brent Buser
2. Health Lester, local treatment provider
3. Additional witnesses to be determined as necessary to support Plaintiff's claims

Defendant Buser:
1. Plaintiff Brown
2. Fact witnesses identified in Brown's initial disclosures, time TBD
3. Expert witnesses identified by Plaintiff, time TBD

13

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case on the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at ____ o'clock __. A final pretrial order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel or a pro se party, after a good faith effort were unable to reach agreement.

b. Anticipated length of a trial and whether trial is to the court or the jury.

One week jury trial.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L.CivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L.CivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado this \_\_\_\_ day of _____, 2025

BY THE COURT:

_____
Timothy P. O'Hara,
United States Magistrate Judge

Approved as submitted on March 26, 2025:

| | |
|---|---|
| *s/Stevie Brown* | PHILIP J. WEISER |
| Stevie Brown | Attorney General |
| 8811 US Hwy 285 S., Unit 1 | |
| Alamosa, Colorado 81101 | *s/Amy E. Adams* |
| Telephone: (719) 850-8751 | AMY E. ADAMS |
| Email: stevie81101@gmail.com | TAYLOR R. BAST* |
| *Plaintiff pro se* | Assistant Attorneys General |
| | Colorado Department of Law |
| | 1300 Broadway, 10th Floor |
| | Denver, Colorado 80203 |
| | Telephone: 720-508-6000 |
| | E-Mail: amy.adams@coag.gov |
| | taylor.bast@coag.gov |
| | *Attorneys for Defendant Buser* |
| | *Counsel of Record |